**In re Albert H. JOHNSON and Barbara J. Johnson, Debtor(s).**

**In re Clarence W. JOHNSON and H. June Johnson, Debtor(s).**

**Mark D. WALDRON, Trustee in Bankruptcy, Appellant(s),**

v.

**NORTHWEST ACCEPTANCE CORP., an Oregon corporation, Appellee(s).**

BAP No. WW 85–1098 EAbM.
Bankruptcy Nos. 83–1406T, 83–1407T. Adv. No. A 83–0457.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Jan. 24, 1986.

Decided June 17, 1986.

Charles W. Talbot, Tacoma, Wash., for appellant(s).

Susan L. Samuelson, Seattle, Wash., for appellee(s).

Before ELLIOTT, ABRAHAMS and MEYERS, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

The bankruptcy trustee appeals from a decision that awards a portion of certain rents and profits to a trust deed holder according to the entry date of an order granting relief from stay to foreclose. The rents and profits at issue were collected by the trustee from the debtors' filing in bankruptcy through entry of an order of foreclosure. We reverse and remand for the bankruptcy court to enter an order awarding all such rents and profits to the trustee.

## FACTS

Appellee, Northwest Acceptance Corporation ("Northwest") is the beneficiary under a recorded deed of trust executed by debtors Albert and Barbara Johnson and by debtors Clarence and June Johnson ("the Johnsons" or "the debtors"). Appellant Mark D. Waldron is the trustee in bankruptcy for both joint estates.

The deed of trust encumbers certain real property, a portion of which is rented to various tenants as a trailer court. The deed of trust states that the Johnsons, as grantors:

Bargains, sells and conveys to Trustee, in Trust, with power of sale, the real property ... which real property is not used principally for agricultural or farming purposes, together with all tenements, hereditaments and appurtenances now or hereafter thereunto belonging or in any wise appertaining, and the rents, issues and profits thereof.

In 1982, after the debtors had defaulted on the underlying obligation, Northwest commenced a judicial foreclosure action in the United States District Court for the Western District of Washington. Following an award of partial summary judgment in favor of Northwest, the debtors filed their respective bankruptcy petitions on July 14, 1983. On July 28, 1983, Northwest moved for relief from stay in order to pursue its foreclosure action. On October 28, 1983, the court entered its order granting Northwest relief from stay. Thereafter, an order of foreclosure was entered, and the property was sold.

From the date of the bankruptcy filings through the date of possession under the order of foreclosure, the trustee collected the rents generated from the property. Since then, Northwest has collected such rents.

Prior to entry of the foreclosure order, Northwest did not assert its claim to the rents collected by the trustee. Moreover, Northwest neither requested the appointment of a receiver during the foreclosure proceedings in district court nor sequestration of the rents in bankruptcy court. Northwest also did not attempt to perfect an interest in the rents by giving a notice under 11 U.S.C. § 546(b) in lieu of seizure or commencement of an action.

On October 11, 1984, Northwest moved the bankruptcy court for an order requiring the trustee to account for and turn over the rents he had collected. On April 16, 1985, the bankruptcy court entered its decision and order whereby (i) the trustee was awarded that portion of the rents collected prior to entry of the order granting relief from stay and (ii) Northwest was awarded the balance of such rents less any adminis-

trative expenses chargeable to collection for its benefit.

Following entry of the order denying the trustee's motion for reconsideration, the trustee appealed.

## JURISDICTION

At the outset, we note that this is a timely and proper appeal.

On April 16, 1985, the bankruptcy court entered its "Decision on Recovery of Rents and Profits." Although the decision contained language of an order, no separate order was prepared and entered in accordance with Bankruptcy Rule 9021. On April 30, 1985, the trustee filed a motion for reconsideration, which was denied by an order entered on June 10, 1985. The trustee then filed a notice of appeal on June 14, 1985.

■ If viewed as a motion to alter or amend a judgment, a timely motion for reconsideration ordinarily would toll the time in which a party may appeal under Bankruptcy Rule 8002. However, lack of entry of a separate order precludes running of the time in which to appeal. *Caperton v. Beatrice Pocohontas Coal Co.*, 585 F.2d 683, 689 (4th Cir.1978). Thus, the trustee's notice of appeal is timely, as it was filed after announcement of the court's decision although prior to formal entry of a separate order thereon. *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir.1981).

■ Notwithstanding the timely notice of appeal, we still could dismiss or remand the appeal for entry of a separate order. However, given that the decision is intended as the final decision, that it is reflected in the docket, and that the appellee has not objected to the taking of the appeal in the absence of a separate order, we may properly assume jurisdiction. *Calhoun v. United States*, 647 F.2d at 11, *citing Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978).

## STANDARD OF REVIEW

■ Because each issue on appeal solely involves a question of law, the applicable standard of review is *de novo*. *In re American Mariner*, 734 F.2d 426, 429 (9th Cir.1984).

## DISCUSSION

### A. WHETHER NORTHWEST'S CONDUCT IN OBTAINING RELIEF FROM STAY WAS SUFFICIENT TO "PERFECT" ITS RIGHT TO THE RENTS AT ISSUE.

■ In its decision, the bankruptcy court first concluded that under Washington law, some affirmative action was required beyond default in order for Northwest to establish a right to the rents at issue. Thereafter, the court awarded Northwest a portion of the rents solely based on its conduct in obtaining relief from stay to foreclose. While we agree that state law required Northwest to act, we do not believe that merely obtaining relief from stay to foreclose secured its rights to any rents.

■ Whether a secured party has a right to any rents collected during the period between the debtor's filing in bankruptcy and a foreclosure sale of the encumbered property is a matter determined by the law of the state in which the property is located. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In this case, the applicable statute is R.C.W. § 7.28.230 which provides:

(1) A mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law: *Provided*, That nothing in this section shall be construed as any limitation upon the right of the owner of real property to mortgage, pledge or assign the rents and profits thereof, nor as prohibiting the mortgagee, pledgee or assignee of such rents and profits, or any trustee under a mortgage or trust deed either contemporaneously or upon the happening of a future event

of default, from entering into possession of any real property, other than farm lands or the homestead of the mortgagor or his successor in interest, for the purpose of collecting the rents and profits thereof for application in accordance with the provisions of the mortgage or trust deed or other instrument creating the lien, nor as any limitation upon the power of a court of equity to appoint a receiver to take charge of such real property and collect such rents and profits thereof for application in accordance with the terms of such mortgage, trust deed or assignment.

Although R.C.W. § 7.28.230 was substantively amended in 1969, there apparently is no reported state or federal decision that has interpreted the statute as amended. In *In re Federal Shopping Way, Inc.*, 457 F.2d 176 (9th Cir.1972), the Ninth Circuit merely held that the 1969 amendment to R.C.W. § 7.28.230 did not have any retroactive effect. Absent such an interpretation, we must seek guidance from case law in other jurisdictions that have addressed the issue. *In re Charles D. Stapp of Nevada, Inc.*, 641 F.2d 737, 738 (9th Cir.1981). Accordingly, we rely on *Investors Syndicate v. Smith*, 105 F.2d 611 (9th Cir.1939) in which the Ninth Circuit construed the virtually identical Oregon statute upon which R.C.W. § 7.28.230 was patterned. *In re Federal Shopping Way, Inc., supra.*

Under the Oregon statute, the court held that prior to foreclosure, a mortgagee is not entitled to any rents following default unless the mortgagee has either (i) obtained possession of the real property under the terms of the mortgage, or (ii) secured the appointment of a receiver in a foreclosure action. 105 F.2d at 620–621. Thus, the court affirmed the bankruptcy court's holding that such a security interest creates only an inchoate lien as to rents, which requires some action beyond default for "perfection." *Id.* at 617.

■ The court further noted that once bankruptcy intervenes, a mortgagee is prevented from "perfecting" its right to such rents, without the consent of the bankrupt-

cy court. Thus, in the event bankruptcy law precludes a mortgagee from acting under state law, the mortgagee may establish its right by sequestering the rents in the bankruptcy court. *Id.* at 621–622. Moreover, such relief can be granted as of the filing date of the petition for sequestration. *Id.* However, the court cautioned that the substitute procedure of ordering sequestration should not be employed to give a mortgagee greater rights than it otherwise would have had in the absence of bankruptcy. Indeed, a bankruptcy court should only take whatever steps are necessary to ensure that a mortgagor is afforded in bankruptcy court the same protection it would have received under state law had bankruptcy not ensued. *Butner v. United States,* 440 U.S. at 56, 99 S.Ct. at 918.

■ While we recognize that Northwest perfected its security interest in the normal sense through recordation of the deed of trust, we nonetheless conclude that Northwest had only an inchoate lien as to the rents at issue. Relying on *Investors Syndicate,* we hold that R.C.W. § 7.28.230 does require some affirmative action beyond default in order for a secured party to establish its right to rents under a mortgage or deed of trust prior to foreclosure. However, it is unclear whether such action should be strictly limited to the types of action identified in *Investors Syndicate* (that is, obtaining possession, the appointment of a receiver, or an order of sequestration). Indeed, without foreclosing the opportunity, it is possible that Washington courts may choose to liberally construe R.C.W. § 7.28.230 as permitting any act which indicates a similar intent to obtain such rents. *See e.g. In re Ventura-Louise Properties,* 490 F.2d 1141 (9th Cir.1974) (dicta that a demand for possession or notice to tenants demanding direct payment of rent would be sufficient under California law). *See also In re Village Properties, Ltd.,* 723 F.2d 441 (5th Cir.1984) (Texas law recognizes any similar act which demonstrates that a mortgagee probably would have obtained such rents had bankruptcy not intervened).

■ Nonetheless, under either a strict or liberal construction of *Investors Syndi-*cate, we hold that the bankruptcy court erred in awarding Northwest a portion of the rents at issue. Having obtained relief from stay, Northwest was placed in no better a position than it had occupied prior to bankruptcy. Failing to take any action to obtain the rents as identified in *Investors Syndicate,* much less any act indicating a similar intent, Northwest is not entitled to any of the rents collected by the trustee. To hold otherwise would confer upon Northwest a greater right under state law than it would have had if bankruptcy had not occurred.

To be certain, Northwest argues that under *Investors Syndicate,* a petition for sequestration is equivalent to commencing a foreclosure action. 105 F.2d at 622. However, regardless of the specific language used, the Ninth Circuit did not hold that merely instituting a foreclosure action would be sufficient to secure a mortgagee's right to rents under Oregon law. Indeed, as to the particular mortgage involved, the court granted sequestration only because that mortgagee would otherwise have been entitled to the rents had it obtained possession or the appointment of a receiver in a foreclosure action.

Rather than rely on *Investors Syndicate,* however, the bankruptcy court cited a passage from *Fidelity Bankers Life Insurance Co. v. Williams,* 506 F.2d 1242 (4th Cir.1974). In that passage, the Fourth Circuit indicates that obtaining a bankruptcy court's consent to foreclose is sufficient in the Ninth Circuit to "perfect" a mortgagee's right to rents under a mortgage. While the Fourth Circuit apparently relied on *Pollack v. Sampsell,* 174 F.2d 415 (9th Cir.1949), a case also cited by the bankruptcy court in its decision, *Pollack* does not stand for this proposition.

In *Pollack,* the beneficiary under a deed of trust sought the proceeds from an orange crop that the bankruptcy trustee had harvested and sold, while the beneficiary was enjoined from completing foreclosure. In awarding the proceeds to the beneficiary, the court concluded that the beneficiary had undertaken diligent and appropriate steps to obtain the proceeds. In effect, the court adopted the decision of the

Eighth Circuit in *Mortgage Loan Co. v. Livingston,* 45 F.2d 28 (8th Cir.1930).

However, in both *Pollack* and *Mortgage Loan Co.,* the secured party had engaged in significant acts in addition to obtaining leave to foreclose. In particular, the creditor in both cases not only made its claim known to the bankruptcy trustee or receiver, but also effected an informal sequestration arrangement with respect to the monies at issue. *Pollack v. Sampsell,* 174 F.2d at 419–420. Moreover, the *Pollack* court indicated that had the bankruptcy not intervened, the beneficiary would have been entitled to the proceeds, as the foreclosure would have occurred with the unharvested crop in place.

In contrast, none of these reasons exist in the present case. First, Northwest did not make its claim known prior to foreclosure. Second, Northwest did not seek even informal sequestration in the bankruptcy court. Third, there is no indication that Northwest would have been entitled to the rents at issue had the bankruptcy not occurred. In fact, Northwest would not be entitled as it failed to act prior to foreclosure.

Although the bankruptcy court also cited *In re Hotel St. James,* 65 F.2d 82 (9th Cir.1933), apparently on the basis of its express approval of the *Mortgage Loan Co.* decision, the actual facts and holding of that case directly apply here. In *In re Hotel St. James,* the court denied a secured party's claim for rents collected by the trustee after default but prior to foreclosure because the secured party had failed to take any steps to claim the rents until after the foreclosure sale.

Thus, the bankruptcy court's reliance on these cases was misplaced. Accordingly, we hold that the court erred in awarding Northwest any portion of the rents at issue.

**B. WHETHER 11 U.S.C. §§ 363 AND 552 SHIFT THE BURDEN FROM NORTHWEST TO THE BANKRUPTCY TRUSTEE TO ACT IN SECURING A RIGHT TO THE RENTS AT ISSUE.**

Notwithstanding any requirements of state law, Northwest argues that 11 U.S.C. §§ 363 and 552 effectively place the burden on the trustee to act in securing a right to the rents at issue. First, Northwest argues that under § 363(c)(4), the trustee is required to account for and segregate cash collateral, which would include the rents at issue. Second, Northwest argues that under § 363(c)(2) and § 552(b), the trustee may not use or distribute such funds without obtaining prior court approval. Finally, Northwest contends that under § 552(b), its security interest cannot be "dissolved" without notice and a hearing.

■ Although the rents technically constitute cash collateral and § 363 does apply, Northwest lost its rights to the rents by failure to take appropriate action prior to foreclosure.

■ We agree that the trustee could have sought a hearing under § 552(b), but his failure to do so does not result in perfection of Northwest's interest in the rents. That section clearly provides that the creditor's interest in post-petition rents is protected to the extent provided by applicable nonbankruptcy law.

■ While §§ 363 and 552 do emphasize certain protections for a creditor's security interest, Congress did not intend that these Code provisions preempt state law in establishing a secured creditor's interest in rents under a mortgage or deed of trust. *In re Village Properties, Ltd.,* 723 F.2d 441 (5th Cir.1984). Having failed to "perfect", Northwest is not entitled to any portion of the rents collected by the trustee.

**C. WHETHER A SECURED CREDITOR HAS AN EQUITABLE RIGHT OVER UNSECURED CREDITORS TO THE INCOME GENERATED BY ITS SECURITY.**

■ Finally, Northwest contends that there is substantial authority that recognizes the equitable right of a secured creditor to the income produced by its collateral. However, this contention is wholly without merit as the Supreme Court has clearly

rejected this position. *Butner v. United States*, 440 U.S. at 51–54, 99 S.Ct. at 916–917.

### CONCLUSION

Thus, we conclude that a creditor may not rely on 11 U.S.C. §§ 363 and 552 in establishing an interest in rents under a mortgage or deed of trust. We hold that R.C.W. § 7.28.230 does require some affirmative action beyond default in order for a creditor to be entitled to such rents. Furthermore, we hold that merely obtaining relief from stay to foreclose is insufficient under Washington law to entitle Northwest to any of the rents at issue.

Accordingly, we REVERSE and REMAND for the bankruptcy court to enter an order awarding the trustee all of the rents at issue.