**In re PARK AT DASH POINT, L.P., a Washington limited partnership, Debtor.**

**Robert D. STEINBERG, in his capacity as Trustee for the bankrupt estate of Park at Dash Point, L.P., Appellant,**

v.

**CROSSLAND MORTGAGE CORPORATION, Appellee.**

No. 91–35869.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1992.

Decided Feb. 5, 1993.

Timothy W. Dore, Ryan, Swanson & Cleveland, Seattle, WA, for appellant.

Shawn Otorowski, Ferguson & Burdell, Seattle, WA, for appellee.

Before: WALLACE, Chief Judge, SKOPIL, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

The trustee for a Chapter 7 debtor in bankruptcy appeals from the district court's order upholding the bankruptcy court's determination that a mortgagee and assignee of rents had a perfected security interest in those rents and was entitled to enforce its assignment thereof by sequestering the money as cash collateral of the bankruptcy estate. We reject the trustee's arguments and affirm.

## FACTS AND PRIOR PROCEEDINGS [1]

In August 1987 Crossland Mortgage Corporation ("Crossland") lent $10,850,000 to Park at Dash Point Limited Partnership ("PDP" or "debtor") for the development of a 280–unit apartment complex (the "Property") in Federal Way, Washington. In support of the loan PDP executed a Deed of Trust, an Assignment of Rents, and a note requiring the payment of interest in monthly installments, with the principal to be paid in full at the end of two years. Under the terms of the rent assignment, PDP assigned to Crossland its interest in all Property leases and the right to collect rents thereunder, and Crossland granted back to PDP the right to collect those rents so long as PDP was not in default on the loan. Crossland promptly and properly recorded the loan documents.

In May 1989 PDP defaulted on the loan. Crossland filed a state court action against

1. Because the facts are undisputed and have already been set forth in the bankruptcy court's published decision, *In re Park at Dash Point L.P.,* 121 B.R. 850, 851–52 (Bankr.W.D.Wash. 1990), *aff'd sub nom. Steinberg v. Crossland Mortgage Corp. (In re Park at Dash Point L.P.),* 152 B.R. 300 (W.D.Wash.1991), we confine ourselves to an outline of only the salient points of this appeal.

PDP the following month, seeking the appointment of a receiver to collect the Property's rents. On June 19, 1989, just hours before the scheduled hearing on Crossland's motion for the appointment of a receiver, PDP filed a Chapter 11 petition in bankruptcy. Crossland then sought and obtained an interim order to sequester the rents. In January 1991, less than a year after the bankruptcy proceeding had been converted to a Chapter 7 liquidation, the bankruptcy court granted Crossland's motion for relief from the automatic stay and to collect the rents. The district court affirmed the bankruptcy court's rulings and the trustee for PDP has timely appealed.

## STANDARD OF REVIEW

This appeal stands or falls on the outcome of a single question, *viz.,* whether Crossland's security interest in the rent assignment had been perfected at the time the debtor filed its petition in bankruptcy. Whether a mortgagee has a perfected security interest in rents assigned to it by a mortgagor at the time of the latter's filing of a petition in bankruptcy is a question of state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). We review *de novo* interpretations of state law. *Brooks v. Hilton Casinos, Inc.,* 959 F.2d 757, 759 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 300, 121 L.Ed.2d 224 (1992).

## DISCUSSION

The parties concede that, under Washington law prior to 1969, a mortgagee could not enforce its security interest in real property without first obtaining possession of that property by foreclosure sale. *See Bank of California, N.A. v. McQuaid (In re Federal Shopping Way, Inc.),* 457 F.2d 176, 178 (9th Cir.1972). That rule was revised in 1969 when the state legislature amended Wash.Rev.Code § 7.28.230[2] to provide, *inter alia,* (1) for the creation of security interests in rents (e.g., by a mortgagor assigning to its mortgagee the right to collect rents in the event of a default), (2) that the mortgagee-assignee's right to collect those rents was deemed to be a form of real property, and (3) that such security interests were to be governed by Washington's recording statute, Wash.Rev. Code § 65.08.070.[3] *See generally In re Federal Shopping Way, Inc.,* 457 F.2d at 180–81 (holding that pre–1969 rent assignments were invalid as against trustee's claim to collect rents).

Two recent bankruptcy decisions, *In re Johnson,* 62 B.R. 24 (9th Cir. BAP 1986) and *In re Association Center Ltd. Partnership,* 87 B.R. 142 (Bankr.W.D.Wash. 1988), revealed a latent ambiguity in the 1969 version of Wash.Rev.Code § 7.28.230 with respect to the question of exactly when and under what circumstances a mortgagee's security interest in a default-

**2.** The pre–1969 version of Wash.Rev.Code § 7.28.230 read, in its entirety, "A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law."

As amended in 1969, Wash.Rev.Code § 7.28.230 read, in relevant part:

"(1) A mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law: *Provided,* That nothing in this section shall be construed as any limitation upon the right of the owner of real property to mortgage . . . or assign the rents . . . thereof, nor as prohibiting the mortgagee . . . or assignee of such rents . . . upon the happening of a future event of default, from entering into possession of any real property . . . of the mortgagor . . . for the purpose of collecting the rents . . . thereof for application in accor-

dance with the provisions of the mortgage . . . or other instrument creating the lien, nor as any limitation upon the power of a court of equity to appoint a receiver to take charge of such real property and collect such rents . . . thereof for application in accordance with the terms of such mortgage . . . or assignment.

"(2) Until paid, the rents . . . of real property constitute real property for the purposes of mortgages . . . or assignments whether or not said rents . . . have accrued. The provisions of RCW 65.08.070 as now or hereafter amended shall be applicable to such rents. . . ."

**3.** That statute reads, in relevant part: "A conveyance of real property . . . not . . . recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor . . . of the same real property . . . whose conveyance is first duly recorded. . . ."

ing mortgagor's assigned rents would be deemed to have been perfected.[4] As a consequence, the Washington legislature amended that statute again in 1989 by adding a third subsection:

> *The recording of an assignment,* mortgage, or pledge *of unpaid rents* and profits of real property, intended as security, in accordance with RCW 65.08.070, *shall immediately perfect the security interest* in the assignee, mortgagee, or pledgee and shall not require any further action by the holder of the security interest to be perfected as to any subsequent purchaser, mortgagee, or assignee. *Any lien created by such assignment,* mortgage, or pledge *shall, when recorded, be deemed* specific, *perfected,* and choate.

Wash.Rev.Code § 7.28.230(3) (1989) (emphasis added).

While the parties agree that the 1989 amendment unequivocally provides for the immediate perfection of security interests in rent assignments merely by filing notice thereof, they disagree about what bearing that provision has on actions which took place prior to July 23, 1989, the effective date of the amendment. Crossland argues that the 1989 amendment simply clarified existing Washington law which already provided that a mortgagee's security interest in a mortgagor's assignment of unpaid rents was perfected upon the filing of the rent assignment in accord with the provisions of Wash.Rev.Code § 65.08.070. The trustee, on the other hand, argues that the 1989 amendment to Wash.Rev.Code § 7.28.-230 *did* change existing law and that this change cannot be applied retroactively to give Crossland a perfected security interest in the debtor's rents since, at the time of the latter's June 19, 1989 bankruptcy filing, Crossland had neither taken possession of

the mortgagor's property by foreclosure sale nor obtained the appointment of a receiver.

■  Under Washington law a statutory amendment is ordinarily applied prospectively only. *In re F.D. Processing, Inc.,* 119 Wash.2d 452, 460, 832 P.2d 1303, 1307 (1992). However, an amendment may be applied retroactively if it is deemed to be curative. *Id.* (citing *Howell v. Spokane & Inland Empire Blood Bank,* 114 Wash.2d 42, 47, 785 P.2d 815, 818 (1990)). "An amendment is curative only if it clarifies or technically corrects an ambiguous statute." *In re F.D. Processing, Inc.,* 119 Wash.2d at 461, 832 P.2d at 1308 (citing *State v. Jones,* 110 Wash.2d 74, 82, 750 P.2d 620, 624 (1988)).

■  It is abundantly clear from both the legislative history and a subsequent (1991) amendment to Wash.Rev.Code § 7.28.230 that the 1989 revision was intended not to change existing law but rather to clarify an ambiguity present in the 1969 revision to that statute and thereby prevent possible future judicial misinterpretations thereof.[5] *See* Final Bill Report, S.B. 5771, 1989 Wash.Laws ch. 73, p. 371, 51st Legislature (1989). Accordingly, we conclude that the district court's decision construing the 1989 amendment as being curative in nature is correct.

Citing *In re F.D. Processing, supra,* the trustee argues in the alternative that even if the Washington legislature intended the 1989 amendment to be curative it should not be applied retroactively to the facts of this case because it would contravene existing law, *viz.,* the two bankruptcy court decisions cited above. We disagree with

---

**4.** In *In re Johnson,* the Ninth Circuit Bankruptcy Appellate Panel ruled that, even though the mortgagee had perfected its security interest "in the normal sense" by complying with the recording statute, its lien on the rents was "inchoate" because no "affirmative action beyond default" had occurred. 62 B.R. at 29. In *In re Association Center Ltd. Partnership,* the Bankruptcy Court for the Western District of Washington held, *inter alia,* that the mortgagee could not obtain sequestration of rents in a bankruptcy proceeding because sequestration was not

explicitly provided for in section 7.28.230. 87 B.R. at 147.

**5.** The Washington legislature amended subsection (3) of Wash.Rev.Code § 7.28.230 again in 1991 to read as follows: "Any lien created by such assignment, mortgage, or pledge shall, when recorded, be deemed specific, perfected, and choate *even if recorded prior to July 23, 1989.*" Wash.Rev.Code § 7.28.230(3) (1991) (emphasis added).

the trustee's interpretation of the relevant law.

Although the Washington Supreme Court stated in *In re F.D. Processing* that "[c]urative amendments will be given retroactive effect if they do not contravene any judicial construction of the statute", 119 Wash.2d at 462, 832 P.2d at 1308, it is clear from both the context of that statement and the cases cited in support thereof that only a prior *state* court ruling could so bind the state's legislature. *See generally Overton v. Washington State Economic Assistance Auth.*, 96 Wash.2d 552, 558, 637 P.2d 652, 656 (1981); *Marine Power & Equipment Co. v. Washington State Human Rights Comm'n Hearing Tribunal*, 39 Wash.App. 609, 615, 694 P.2d 697, 700 (1985). Moreover, to hold as the trustee urges would effectively convert any federal court into a parallel state supreme court merely by passing on a question of state law. Such a result would fly in the face of long-standing principles of comity and federalism.

Therefore, since the 1989 amendment merely served to clarify existing law and neither contravenes any prior decisions of the Washington Supreme Court, *see Overton*, 96 Wash.2d at 558, 637 P.2d at 656, nor violates the "constitutional protections relating to due process and the impairment of contracts," *In re F.D. Processing*, 119 Wash.2d at 460, 832 P.2d at 1307, we hold that the district court did not err in ruling as it did.

Because we find no merit to the trustee's remaining arguments, the decision below is AFFIRMED.