Raymond BOYKIN; Robert A. Nelson; Daniel C. Compton; Stephen A. Marchesi; Geoffrey K. Willson, and the class of similarly situated persons, Plaintiffs–Appellants,

v.

BOEING COMPANY, a Delaware corporation, Defendant–Appellee.

No. 96–35482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1997.

Memorandum Filed Aug. 15, 1997.

Order and Opinion Decided Oct. 23, 1997.

Mark E. Cavanagh, Carney, Badley, Smith & Spellman and David C. Bratz and B. Otis Felder, LeGros, Buchanan & Paul, Seattle, Washington, for the plaintiffs-appellants.

Lawrence B. Hannah, Kevin J. Hamilton, and Paul E. Smith of Perkins Coie, Bellevue, Washington, and William J. Kilberg of Gibson Dunn & Crutcher, Washington D.C., for the defendant-appellee.

· Before: LAY,* BEEZER and TROTT, Circuit Judges.

### ORDER

Defendant-appellee's request for publication, received by the court on September 18, 1997, is GRANTED.

The memorandum disposition filed August 15, 1997, is redesignated as an authored opinion by Judge Beezer with minor modifications.

### OPINION

BEEZER, Circuit Judge:

Raymond Boykin and other purported representatives of a class of employees at the Boeing Company appeal the district court's grant of summary judgment in favor of Boeing in the employees' action for overtime wage benefits under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–09, and the Washington Minimum Wage Act (MWA), Wash. Rev.Code ch. 49.46. The employees contend that the district court erred in its conclusion that Boeing did not violate the FLSA or the MWA by failing to pay the employees time and one-half for overtime work. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I

In July 1995, representatives of a putative class filed a complaint alleging that Boeing violated both the FLSA and the MWA by failing to pay a rate of time-and-a-half for overtime work. The purported class includes engineers who are compensated according to

the 1992–1995 collective bargaining agreement between Boeing and the Seattle Professional Engineering Employees Association ("SPEEA"). Under the agreement with SPEEA, the engineers have a standard workweek of 40 hours. Boeing may require the engineers to work "spot overtime," overtime necessitated by unanticipated demands upon the engineers, without compensation up to an additional eight hours per week. If spot overtime exceeds eight hours, Boeing pays a "premium rate" equalling the rate of straight time plus $6.50 per hour. Boeing also pays this premium rate for "scheduled overtime," *i.e.*, anticipated or planned periods of overtime due to large projects or short-term fluctuations in the production cycle.

The proposed class also includes management employees as well as professional and administrative employees. Boeing pays some of these employees on a salary basis with additional pay for overtime. Managers receive overtime compensation for all hours beyond a 40 hour workweek. This overtime pay for managers consists of either time-and-a-half or the premium rate. The professional and administrative employees also receive the premium rate for overtime.

After plaintiffs moved for class certification, Boeing moved for summary judgment on all claims. In response, the employees cross-moved for summary judgment and moved for certification to the Washington Supreme Court of the issues relating to the application of Senate Bill 6029, which amended the MWA. Without ruling on the class certification, the district court granted summary judgment for Boeing on the employees' FLSA and MWA claims, denied the employees' summary judgment motion, and denied certification to state court.

This appeal followed. On September 16, 1996, this court denied the employees' motion to certify the state law issue to the Washington Supreme Court.

### II

▉ We review de novo a grant of summary judgment and questions of state law.

---

* The Honorable Donald P. Lay, Senior Circuit · Judge for the Eighth Circuit, sitting by designa- tion.

*See Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996) (summary judgment); *In re Park at Dash Point, L.P.,* 985 F.2d 1008, 1010 (9th Cir.1993) (*"Dash Point"*) (state law questions).

### III

The employees assert that the FLSA requires Boeing to pay them time and one-half for any hours they work over a 40–hour workweek. The FLSA generally requires employers to pay their employees at a rate of one and one-half times the employee's regular pay rate for time worked in excess of 40 hours per week. 29 U.S.C. § 207(a). The FLSA exempts certain classes of employees, those who work in "bona fide executive, administrative, or professional capacit[ies,]" from this requirement. 29 U.S.C. § 213(a)(1). The Act does not define "executive, administrative, or professional;" rather, it grants the Secretary of Labor broad authority to "define[ ] and delimit[ ]" these terms. *Id.; see Auer v. Robbins,* —— U.S. ——, ——, 117 S.Ct. 905, 909, 137 L.Ed.2d 79 (1997).

Under the Department of Labor's (DOL) definitions, an employee qualifies for exempt status if the employee performs certain duties and is compensated on a genuine salary basis. *See* 29 C.F.R. §§ 541.1, 541.2, 541.3 (defining "executive" "administrative" and "professional"); *SEIU, Local 102 v. County of San Diego,* 60 F.3d 1346, 1350 (9th Cir.1995) (failure to satisfy either the salary or the duties test results in loss of exemption), *cert. denied,* —— U.S. ——, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996). At issue in this appeal is whether the class of employees receives compensation on a salary basis.

The DOL considers an employee to be paid on a "salary basis" within the meaning of the regulations if he or she:

regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of [his or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.... [T]he employee must receive [his or her] full salary ... without regard to the number of days or hours worked.

29 C.F.R. § 541.118(a). The employees contend that they are not compensated on a salary basis because, in addition to their fixed salary, Boeing pays them for their overtime work.

The employees' argument, however, disregards the DOL's interpretation of its own regulation. The DOL has unequivocally and consistently declared that additional compensation in the form of hourly overtime payment does not defeat exempt status under the salary-basis test. For example, in an opinion letter dated April 5, 1995, the DOL stated:

As discussed in section 541.118(b) of Regulations, Part 541 ..., additional compensation besides the required minimum weekly salary guarantee may be paid to exempt employees for hours worked beyond their standard workweek without affecting the salary basis of pay. Thus, extra compensation may be paid for overtime to an exempt employee on any basis. The overtime payment need not be at time and one-half, but may be at straight time, or at one-half time, or flat sum, or on any other basis.

D.O.L. Wage & Hour Division Opinion Letter No. 1738 (April 5, 1995); *see also* D.O.L. Wage & Hour Division Opinion Letter No. 1737 (April 5, 1995).

The Supreme Court has recently stated that "[b]ecause the salary-basis test is a creature of the Secretary's own regulations, his interpretation of it is; under our jurisprudence, controlling unless plainly erroneous or inconsistent with the regulation." *Auer,* —— U.S. at ——, 117 S.Ct. at 910 (quotations omitted). The Secretary's interpretation of the salary-basis test as it relates to overtime compensation is articulated clearly in the DOL's Opinion letters and is entitled to our court's deference. *See id.; see also Frank v. McQuigg,* 950 F.2d 590, 595 (9th Cir.1991) (applying the *Chevron* standard to the DOL's interpretation of its regulations announced in an Opinion Letter).

The plain language of the regulation implementing the salary-basis test supports the Secretary's conclusion that overtime compensation, by itself, does not spoil exempt status. In relevant part, the regulation reads: "[a]

salary may consist of a predetermined amount *constituting all or part of the employee's compensation.* In other words, *additional compensation besides the salary is not inconsistent with the salary basis of payment.*" 29 C.F.R. § 541.118(b) (emphasis added).

Moreover, the focus of the regulations is to prohibit employers from claiming that their employees are compensated on a salary basis when the employees are subject to *deductions* in pay. 29 C.F.R. § 541.118(a)(1)-(6). As the district court aptly noted: "it is difficult to perceive the alleged injury to a salaried employee who receives some form of hourly overtime compensation without fear of having compensation docked on the same basis." The DOL's interpretation of the salary-basis test is not plainly erroneous or inconsistent with the regulations.

The plaintiffs point to our decision in *Abshire v. County of Kern* as contrary authority. 908 F.2d 483 (9th Cir.1990). The dispositive issue in *Abshire,* however, is not the issue here; the dispute in *Abshire* concerned whether the plaintiff-employees were exempt under the salary-basis test when the defendant deducted pay from the employees for less than a day's absence from work. *Id.* at 485. In holding that the employees were not exempt, the court determined that this practice violated the specific regulation against pay docking. *Id.* at 486. The court also stated that "additional compensation for extra hours worked is also not generally consistent with salaried status." *Id.* Because this statement is dictum, we accord it no precedential value.

Boeing did not violate the FLSA by failing to pay the employees time and one-half for overtime work.

## IV

The plaintiffs also allege that Washington's MWA, which was modeled after the FLSA, requires Boeing to compensate them for overtime work at a rate of time and one-half.

Similar to the FLSA, the MWA generally requires an employer to pay time and one-half to employees who work in excess of forty hours per week. Wash. Rev.Code § 49.46.130(1). The Washington Act also contains an exemption for "[a]ny individual employed in a bona fide executive, administrative, or professional capacity" who is paid on a salary basis. *Id.* § 49.46.010(5)(c).

 In 1995, the Washington Court of Appeals determined that payment of overtime on an hourly basis defeats an employee's exempt status under the salary-basis test. *Tift v. Professional Nursing Servs., Inc.,* 76 Wash.App. 577, 886 P.2d 1158 (1995). Soon thereafter, the Washington Legislature amended the MWA in response to *Tift.* Senate Bill 6029 added the following language to the MWA: "The payment of compensation or provision of compensatory time off in addition to a salary shall not be a factor in determining whether a person is exempted under RCW 49.46.010(5)(c)." Wash. Rev. Code § 49.46.130(2)(a) (West 1997). The legislature intended the law to apply retroactively: "This act applies to all administrative and judicial actions commenced on or after February 1, 1995, and pending on the effective date of this act and such actions commenced on or after the effective date of this act," 1995 Wash. Laws, Ch.5, § 2.[1]

 The employees contend that the Washington Legislature exceeded its authority in passing Senate Bill 6029; the employees argue that state law precluded the legislature from retroactively overruling *Tift.* Plaintiff's argument overlooks that the rule which bars the legislature from retroactively overruling court decisions applies only to the decisions of the Washington Supreme Court. *See Overton v. Washington Econ. Assistance Auth.,* 96 Wash.2d 552, 558, 637 P.2d 652 (1981) ("[W]e have held that separation of powers problems are raised when a subsequent legislative enactment is viewed as a clarification and applied retroactively, if the

---

1. The plaintiffs argue at length that although their action was commenced approximately three months after the purported effective date of the Senate Bill, it does not apply prospectively to their action; they claim that the emergency clause of the bill, which causes the bill to become effective immediately rather than after the consti-

tutionally mandated 90-day waiting period, is invalid. We do not reach this issue. If a statute by its terms applies retroactively, as does the statute at issue here, an emergency clause is not needed. *Agency Budget Corp. v. Washington Ins. Guaranty Ass'n,* 93 Wash.2d 416, 425, 610 P.2d 361 (1980).

subsequent enactment contravenes the construction placed on the original statute by this court [the Washington Supreme Court].") *Johnson v. Morris,* 87 Wash.2d 922, 927, 557 P.2d 1299 (1976) ("once a statute has been construed by the highest court of the State, that construction operates as if it were originally written into it"); *see also Dash Point,* 985 F.2d at 1012 (noting that a Washington statutory amendment did not "contravene[ ] any prior decisions of the Washington Supreme Court").

 The employees next argue that the retroactive application of Senate Bill 6029 impairs their vested rights under the Washington Constitution. A vested right is "an immediate, fixed right of present or future enjoyment." *Gillis v. King County,* 42 Wash.2d 373, 377, 255 P.2d 546 (1953) (quotation omitted). In order for a vested right to be entitled to protection from legislation, it "must be something more than a mere expectation based upon an anticipated continuance of the existing law." *Washington v. Hennings,* 129 Wash.2d 512, 528, 919 P.2d 580 (1996) (quotation and citation omitted). The proper inquiry in determining the constitutionality of retroactive legislation is "whether a party has changed position in reliance upon the previous law or whether the retroactive law defeats the reasonable expectations of the parties." *Id.* at 528–29, 919 P.2d 580.

The employees have not changed position in reliance upon *Tift:* As Boeing notes, at issue in this case are primarily the 1992–1994 compensation practices at Boeing; *Tift* was not announced until 1995. Further, retroactive application of Senate Bill 6029 does not defeat any reasonable expectations of the employees. The employees governed by the SPEEA collective bargaining agreement cannot claim any expectations from the terms of their contract, as it provides for overtime compensation at a rate less than time and one-half. Moreover, none of the employees had expectations, under the MWA, to overtime pay at a rate of time and one-half prior to *Tift.*

The Boeing employees never performed work with the expectation that they would be paid time and one-half under the MWA until the Court of Appeals announced its decision in *Tift:* "there is no injustice in

retroactively depriving a person of a right that was created *contrary to his expectations* at the time he entered into the transaction from which the right arose." *In re Marriage of Giroux,* 41 Wash.App. 315, 320, 704 P.2d 160 (1985) (quotation omitted). As *Tift,* thus, did not create vested rights for the employees, the application of Senate Bill 6029 does not impair employees' vested rights.

Boeing did not violate the MWA by failing to pay employees time and one-half for overtime work.

AFFIRMED