# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3427
No. 97-4265

_____

| | | |
|---|---|---|
| Harold L. Fife; Judith Prather; Ronald Craft; Betsy Murray; James Carter; Anthony Biondo; John Bales; Michael Roper; David Hodge; Vicki Lange, | * * * * * | |
| Plaintiffs - Appellees, | * * | Appeals from the United States District Court for the |
| v. | * * | Eastern District of Missouri. |
| Clarence Harmon; City of St. Louis; William C. Duffie; Leonard Griggs; Larry Williams, | * * * * | |
| Defendants - Appellants. | * | |

_____

Submitted: November 12, 1998

Filed: March 26, 1999

_____

Before BOWMAN, Chief Judge, BRIGHT and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In this Fair Labor Standards Act ("FLSA") case, plaintiffs are Airfield Operation Specialists ("AOSs") at the Lambert-St. Louis International Airport who claim that the City of St. Louis violated FLSA by failing to pay them at time-and-one-half rates for hours worked in excess of forty per week. See 29 U.S.C. § 207(a). The

City asserts that the AOSs are executive, administrative, or professional employees exempt from the overtime compensation requirements of § 207(a). See 29 U.S.C. § 213(a)(1). The district court initially granted summary judgment in favor of plaintiffs, concluding the City was collaterally estopped to assert this defense by an earlier decision of the Missouri State Board of Mediation. The City appealed, and we reversed. See Fife v. Bosley, 100 F.3d 87 (8th Cir. 1996). On remand, the district court granted plaintiffs' renewed motion for summary judgment. Defendants[1] again appeal. Concluding the summary judgment record reveals disputed issues of material fact, we reverse and remand for trial. See Caviness v. Nucor-Yamato Steel Co., 105 F.3d 1216, 1223 (8th Cir. 1997) (standard of review).

The Lambert Airport operates twenty-four hours a day, seven days a week, with a work force of 625 City employees and 21,600 airline employees. AOSs staff the Airport's Operations and Communications Center, a unit created to be the eyes and ears of senior management at all times. During the period in question, an AOS who worked more than forty hours in a particular week had the choice of being paid for this overtime at his or her regular rate, or "banking" an hour of paid vacation time for each hour of overtime worked. In 1994, plaintiffs commenced this FLSA damage action for unpaid overtime, see 29 U.S.C. § 216(b), claiming they should have been paid for overtime at time-and-one-half rates. The City claims AOSs are "bona fide executive, administrative, or professional" employees exempt from FLSA's overtime requirements under § 213(a)(1). This exemption is an affirmative defense on which an employer has the burden of proof. See Murray v. Stuckey's, Inc., 50 F.3d 564, 566 (8th Cir.), cert. denied, 516 U.S. 863 (1995).

---

[1]Plaintiffs also joined as defendants four City officials. Although the issue was not considered by the district court nor raised on appeal, we doubt these City employees are liable for plaintiffs' damage claims. See 29 U.S.C. § 203(d).

-2-

The FLSA grants the Secretary of Labor broad authority to define the terms "executive, administrative, and professional" employees. See 29 U.S.C. § 213(a)(1); Auer v. Robbins, 117 S. Ct. 905, 909 (1997). The Secretary has promulgated extensive regulations delimiting the types of employees who fall within this exemption. See 29 C.F.R. Part 541. The regulations treat the three exemption categories separately.

Salary Basis. A criterion common to all three exemption categories is that the employee must be compensated on a salary basis. See 29 C.F.R. §§ 541.1(f), 541.2(e), 541.3(e). An employee is paid "on a salary basis" if he or she receives a predetermined amount of compensation each pay period that is not subject to being reduced because of the quality or quantity of the work. See 29 C.F.R. § 541.118(a). It is undisputed that the AOSs received a predetermined amount of pay each period which was not subject to reduction. The district court nonetheless concluded they were not paid on a salary basis for purposes of this exemption because, when they worked more than forty hours in a week, they were paid overtime at an hourly rate, a form of compensation that is "inherently inconsistent" with being salaried. This ruling was an error of law. The Secretary "has unequivocally and consistently declared that additional compensation in the form of hourly overtime payment does not defeat exempt status under the salary-basis test." Boykin v. Boeing Co., 128 F.3d 1279, 1281 (9th Cir. 1997); see, e.g., D.O.L. Wage & Hour Division Opinion Letter, 1997 WL 998013 (March 17, 1997). "Because the salary-basis test is a creature of the Secretary's own regulations, his interpretation of it is . . . controlling unless plainly erroneous or inconsistent with the regulation." Auer, 117 S. Ct. at 911 (quotation omitted). The grant of summary judgment on this ground must be reversed.

Other Criteria for the Executive and Administrative Exemption Categories. For employees who earn more than $250 per week, the regulations provide an abbreviated list of additional criteria the employer must prove to qualify for the executive and

administrative exemption categories.  See Murray v. Stuckey's, Inc., 939 F.2d 614, 617 (8th Cir. 1991).  It is undisputed the salaries of AOSs were high enough to make them subject to this "short test." "Executive" employees under this test are those

> whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein.

29 C.F.R. § 541.1(f).  "Administrative" employees under the short test are those

> whose primary duty consists of the performance of [office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers], which includes work requiring the exercise of discretion and independent judgment.

29 C.F.R. § 541.2(e)(2), incorporating the bracketed language by reference from § 541.2(a)(1).  The district court concluded that AOSs do not fall under the executive exemption as a matter of law because they did not perform managerial functions and did not customarily direct and supervise two or more employees.  The court concluded that AOSs do not fall under the administrative exemption as a matter of law because their non-manual work was not directly related to the Airport's "management policies or general business operations," and because they did not exercise discretion and independent judgment.  On this summary judgment record, we disagree.

The critical issues are whether the AOSs' duties included managing the Airport or one of its subdivisions (both exemption categories), whether such activities were their "primary duty" (both categories), whether they directed the work activities of other employees (executive category), and whether they exercised discretion and independent judgment (administrative catgegory).  Both sides submitted voluminous

evidence addressing these issues. That evidence is conflicting, both as to the nature of some duties and the relative amount of time AOSs spend performing various duties. It is clear the duties of AOSs are many and varied; what they do on a daily basis is very much disputed. A significant problem with these fact questions is that both sides have taken inconsistent positions on this issue. For example, when seeking salary increases, the AOSs describe themselves as indispensable management employees during nights, weekends, and holidays -- "acting airport director" was the self-descriptive term plaintiffs used in a 1994 letter to the Mayor. On the other hand, in support of their motion for summary judgment in this case, plaintiffs submitted conclusory affidavits asserting they "do not customarily or regularly exercise discretionary powers or independent judgment." With the parties' credibility in doubt, the fact questions must be tried unless one side is clearly entitled to judgment as a matter of law.

The only question before us is whether the City introduced evidence which, if fully credited, would carry the City's burden of proof that AOSs are exempt executive or administrative employees. One of the exhibits submitted by the City in opposition to plaintiffs' summary judgment motion was a Memorandum by the Airport's Personnel Manager, Patrick Martocci, prepared for another purpose. That Memorandum described the AOSs' duties in part as follows:

> Incumbents of this position act as the direct management representatives for the Airport Director and for the St. Louis Airport Authority on a 24 hour-a-day, 7 day-a-week basis including holidays, weekends, and non-business hours. Personnel are expected to be on-call from November through April for inclement winter weather conditions and are required to be available for additional overtime throughout the year as needed.

> Personnel of this class . . . are expected to be knowledgeable about all phases of airport operations and FAA rules and regulations and are required to make immediate concise and accurate decisions on matters concerning the Airport Authority with no consultations or with only

minimal consultations with upper management personnel. [AOSs] are required to take immediate charge of emergency situations until the arrival of upper management personnel.

DUTIES INCLUDE: . . . 9. Take immediate charge of emergency situations; aircraft emergencies; accidental injuries, fuel spills, radioactive spills, safety violations, etc. until relieved or until termination of situation. Make emergency notifications to all concerned personnel; Airport Authority and otherwise.

10. Open and close runways, taxiways and airline ramp areas . . . for scheduled maintenance, construction, in response to emergency situations, and during snow and ice removal operations. Perform this duty with little or no upper management supervision.

11. Direct Airport Authority and airline maintenance crews to areas requiring repairs or corrective actions. Act as facilitator for persons with problems attempting to have them corrected. Deal with maintenance problems airfield side and terminal side.

Alongside plaintiffs' assertion in another context that they often function as acting airport directors, this evidence is sufficient to create triable issues of fact as to whether AOSs are exempt executive or administrative employees. Compare Reich v. Avoca Motel Corp., 82 F.2d 238, 240-41 & n.5 (8th Cir. 1996).

The Professional Exemption Category. The regulations define a professional employee as one whose work requires "knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes." 29 C.F.R. § 541.3(a)(1); for further explication of this standard, see 29 C.F.R. § 541.301. Notably, "management" is absent from the professions listed in the explanatory regulations. See 29 C.F.R. § 541.301(e)(1).

The City's advertised minimum qualifications for the AOS position are a Bachelor's degree in aviation management or a directly related field, or four years of full-time experience in aviation administration, or an equivalent combination of experience and education. This is advanced knowledge "from a general academic education and from an apprenticeship," not from "a prolonged course of specialized intellectual instruction." In opposing plaintiffs' motion for summary judgment in the district court, the City made no attempt to marshall facts proving the AOSs are professionals in the sense defined in the regulations. Thus, the issue was essentially abandoned. In any event, we agree with the district court "it is readily apparent that AOSs do not fall within the description of a professional as explained by the regulations." Summary judgment was properly granted as to this category of the claimed exemption.

Having concluded that summary judgment was improperly granted as to the executive and administrative exemption categories, we reverse the judgments of the district court dated July 18 and August 18, 1997, and remand the case for further proceedings not inconsistent with this opinion. In case No. 97-4265, we vacate the district court's October 15, 1997, order awarding plaintiffs attorneys' fees and costs because there is no longer a judgment in their favor supporting that award under 29 U.S.C. §216(b).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.